**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TERRANCE LYLES, | ) | |
| | ) | Case No. 15 CV 5000 |
| Plaintiff, | ) | |
| | ) | The Hon. Charles Norgloe |
| vs. | ) | |
| | ) | Magistrate Judge Maria Valdez |
| INEZ BENSON and STEPHEN STODDARD | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Inez Benson and Stephen Stoddard, by and through their attorney, Jill K. Russell, for their answer, affirmative defenses, and jury demand to Plaintiff's Complaint, hereby state as follows:

1. On March 30th 2014 a friend and myself were traveling northbound on Cottage Grove Avenue.

**ANSWER**: Defendants admit that at some time on March 30, 2014, Plaintiff was travelling northbound on Cottage Grove Avenue and that another individual was in the car with Plaintiff. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that said individual was Plaintiff's friend.

2. My Friend, Darryl Jackson was the driver.

**ANSWER**: Defendants admit that Darryl Jackson was driving a vehicle, but lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Darryl Jackson was Plaintiff's friend.

3. We passed an unmarked squad car traveling southbound on Cottage Grove.

**ANSWER**: Admitted.

    4.        After looking at us they made a u-turn on 105th and Cottage Grove.

**ANSWER**:    Admitted.

    5.        After following us for 1-1/2 blocks they stopped us at 103rd and Cottage Grove.

**ANSWER**:    Admitted.

    6.        At this time they approached the vehicle we were in and asked for license and insurance.

**ANSWER**:    Defendants admit that they approached the vehicle containing Plaintiff and Darryl Jackson, and further admit that Officer Stoddard asked for license and insurance, but deny the remainder of the allegations made and contained in this paragraph.

    7.        After producing both, we were told to step out of the vehicle.

**ANSWER**:    Admitted.

    8.        At this time, another unmarked squad car pulled up and at this time, we were approached by Officer Stoddard.

**ANSWER**:    Defendants admit that at some time during the traffic stop, another squad car arrived, but deny the sequence of events and further deny that Officer Stoddard approached the vehicle at that time.

    9.        At this time a third un-marked arrived on the scene and myself and Darryl Jackson were searched by officer Inez Benson and Stephen Stoddard.

**ANSWER**:    Defendants admit that Plaintiff and Darryl Jackson were searched, but deny that a third squad car arrived on scene.

    10.       They then put on rubber gloves and started to go down the back of our pants, adding humiliation and also a clear violation of our civil rights.

**ANSWER**:    Denied.

    11.       After searching the vehicle for nearly an hour, detectives came out of the vehicle saying they found drugs in the ceiling area of the vehicle.

**ANSWER**: Defendants admit that drugs were found in a ceiling compartment in the vehicle but deny the remainder of the allegations made and contained in this paragraph.

12. We were placed under arrest at this time and transported to 111th Street police station.

**ANSWER**: Admitted.

13. At this time we were strip searched and no drugs were found.

**ANSWER**: Defendants deny that they strip searched Plaintiff or Darryl Jackson, and further deny that, to their knowledge, such search occurred.

14. After all of this Officers told us to give them three guns and they would release us after telling them we didn't know where any guns were, we were transported to Cook County Jail.

**ANSWER**: Defendants admit that at some point, Plaintiff and Darryl Jackson were transported to Cook County Jail but deny the remainder of the allegations made and contained in this paragraph.

15. After entering a motion on September 23, 2014 the case was thrown out on October 20, 2014.

**ANSWER**: Defendants deny that the case was thrown out, but admit that the Assistant State's Attorney *nolle prossequi'd* the case after a motion hearing.

16. I sat in jail for months and had my money confiscated for no reason and to this day, my money has not been returned, adding to the violation of my rights.

**ANSWER**: Defendants admit that money was confiscated from Plaintiff, but deny that this was done without reason and further deny that they violated Plaintiff's rights. Defendants lack knowledge or information sufficient to admit or deny the allegations with regard to Plaintiff's custody status.

WHEREFORE,

**AFFIRMATIVE DEFENSES**

1. Defendants are government officials who perform discretionary functions. At all times material to the events in the Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendants could have believed his actions to be lawful in light of clearly established law and the information that Defendant possessed. Thus, Defendants are entitled to qualified immunity.

2. To the extent that Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiffs must be reduced by application of the principle that Plaintiffs have a duty to mitigate their damages, commensurate with the degree of failure to mitigate attributed to Plaintiffs by a jury in this case.

**JURY DEMAND**

Defendants demand trial by jury.

Dated: September 24, 2015              Respectfully submitted,


                                        /s/ Jill K. Russell
                                       Jill K. Russell
                                       Assistant Corporation Counsel
                                       City of Chicago Department of Law
                                       30 N. LaSalle, Suite 900
                                       Chicago, IL 60602
                                       (312) 742-7030
                                       Attorney No. 6296479

                                       Attorney for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2015, I served a copy of the foregoing on the following non-ECF member by depositing the same in the U.S mail before the hour of 5:00 p.m.:

>Terrence Lyles
>2014-0331300
>Cook County Jail
>P.O. Box 089002
>Chicago, IL 60608

                                                      /s/ Jill K. Russell