**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Terrence Lyles, | ) | |
| Plaintiff, | ) | Case No. 15 CV 5000 |
| v. | ) | |
| | ) | |
| Officer Inez Benson, Star#4437, | ) | Judge Norgle |
| Stephen Stoddard, Star #6352 | ) | |
| Officer Israel Gamez, Star#15210, | ) | |
| Officer Louis Moore, Jr., Ste. 5491, | ) | |
| Officer Livergood, Star#18898 | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' JOINT MEMORANDUM**
**IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Defendants Inez Benson, Stephen Stoddard, Israel Gamez, Louis Moore, Jr., and George Livergood (collectively "Defendants), by one of their attorneys, Gregory Beck, Assistant Corporation Counsel, hereby submit this memorandum of law in support of their motion for summary judgment (Dkt. No. 108) and state as follows:

**INTRODUCTION**

Plaintiff brings five claims pursuant to Section 1983 against Defendants. However, all of Plaintiff's claims fail as a matter of law and judgment must be entered in Defendants' favor. First, Plaintiff alleges illegal strip search claims against Defendant Officers Benson, Stoddard, and Gamez. However, there is no evidence Defendants Benson and Stoddard strip searched Plaintiff. Further, this claim is time-barred as to Defendant Gamez. Second, Plaintiff alleges a warrantless search of the vehicle he was in against Defendants Benson, Stoddard, and Gamez. However, as Plaintiff did not own the vehicle, he lacks standing to bring said claim. Further, this claim is time-barred as to Defendant Gamez. Third, Plaintiff alleges an unreasonable search and seizure of the vehicle he was in against Defendants Benson, Stoddard,

and Gamez. But again, Plaintiff lacks standing to bring this claim and the claim is time-barred as to Defendant Gamez. Fourth, Plaintiff alleges Defendant Officers Moore and Livergood failed to intervene in the above-mentioned illegal searches. However, this claim is time-barred as to Defendants Moore and Livergood; and besides, there is no evidence they observed any illegal searches. Fifth, Plaintiff alleges false arrest against Defendants Benson, Stoddard, Gamez, Moore, and Livergood. However, this claim is time-barred as to Defendants Gamez, Moore, and Livergood; and besides, there is no evidence they arrested Plaintiff. Further, Defendants Benson and Stoddard had probable cause to arrest Plaintiff, or at the very least, they are entitled to qualified immunity on this claim.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Sallenger v. City of Springfield, Ill.*, 630 F.3d 499, 503 (7th Cir. 2010) (citing Fed. R. Civ. P. 56(c)(2)). Once the moving party has met its initial burden of explaining the basis for summary judgment, the burden shifts to the non-moving party, who cannot "rest upon the mere allegations or denials of the adverse party's pleading," but "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). *Accord, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). A genuine issue of material fact exists for trial when, in viewing the record and all reasonable inferences drawn from it in the light most favorable to the non-movant, a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248 (1986).

The United States Supreme Court has held that Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against any party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party would bear the burden of proof at trial." *Green v. Whiteco Industries, Inc.*, 17 F. 3d 199, 201 (7th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ARGUMENT

### I.  ALL CLAIMS AGAINST DEFENDANTS GAMEZ, MOORE AND LIVERGOOD ARE TIME-BARRED.

Section 1983 claims are governed by the forum state's statute of limitations for personal injury claims, in this case, two years. *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998); 735 Ill. Comp. Stat. 5/13-202. Although the statute of limitations is borrowed from state law, federal law determines when the claim accrues. *Wallace v. Kato*, 549 U.S. 384, 388, 127 S. Ct. 1091, 166 L.Ed. 2d 973 (2007). Under federal law, § 1983 claims accrue when a plaintiff knows or has reason to know that his constitutional rights have been violated. *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992).  A plaintiff's claims for unlawful search and seizure and failure to intervene accrue immediately, *Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010), while any claim for false arrest accrues when the plaintiff is bound over by a magistrate or arraigned on charges. *Serino v. Hensley*, 735 F.3d 588, 591 (7th Cir. 2013).

Here, Plaintiff's claims for the illegal strip search, the warrantless search of the vehicle, the unlawful search and seizure of the vehicle, and the failure to intervene in said searches accrued on March 30, 2014.  SOF at ¶¶ 5-6.  Plaintiff's claim for false arrest accrued the following day on March 31, 2014.  *Id.*  at ¶ 54.

This Court received Plaintiff's original complaint naming Officers Benson and Stoddard as defendants, on June 5, 2015.  *Id.* at ¶ 2.  Plaintiff did not identify Officers Gamez, Moore, and

Livergood as defendants until he submitted his First Amended Complaint on November 2, 2016 – more than two years after the events that gave rise to his claims. *Id*. at ¶¶ 3-4. As a result, Plaintiff's claims against Defendants Gamez, Moore, and Livergood are timely only if the First Amended Complaint relates back to the original complaint.

Federal Rule of Civil Procedure 15(c) "governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S. p. A.,* 560 U.S. 538, 541 (2010). According to Rule 15(c), "[a]n amendment to a pleading relates back to the date of the original pleading" if "the amendment changes the party or the naming of the party against whom a claim is asserted" and "within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed.R.Civ.P. 15(c)(1)(C).

In the wake of *Krupski v. Costa Crociera S.p.A.,* 560 U.S. 538 (2010), the Seventh Circuit has made clear that:

> The only two inquires that a district court is not permitted to make in deciding whether an amendment complaint relates back to the date of the original one are, first, whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant; and second, whether, even if so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself.

*Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 559-60 (7th Cir. 2011). Plaintiff's untimely amendment does not relate back to his original pleading because Defendants Gamez, Moore, and Livergood did not know or have any reason to know about that Plaintiff intended to sue them until after the Rule 4(m) period for service had expired, Plaintiff's failure to name them

as defendants does not constitute a mistake, and the delay in being added to this suit impaired their ability to defend themselves.

### A. Defendants Gamez, Moore, and Livergood Did Not Know or Have Any Reason to Know That Plaintiff Intended To Sue Them Until Well After the Rule 4(m) Period for Service Expired.

In March 2014, Rule 4(m) stated that a defendant must be served within 120 days after the complaint is filed. Fed.R.Civ.P. 4(m). Here, Plaintiff submitted his original complaint against Defendants Stoddard and Benson on June 5, 2015. SOF at ¶ 2. Thus, Plaintiff's claims against Defendants Gamez, Moore, and Livergood relate back to the original complaint only if the officers knew or had reason to know prior to October 5, 2015[1] that the plaintiff, had it not been for a mistake, would have sued them instead or in addition to suing the named defendants.

### i. Defendant Gamez's Lack of Knowledge

The undisputed facts show that Defendant Gamez did not know or have any reason to know that Plaintiff intended to name him in this lawsuit prior to October 5, 2015. To start, Plaintiff did not amend his complaint to name Officer Gamez as a defendant until November 2, 2016 – well after the Rule 4(m) period for service expired – and did not serve Officer Gamez until March 13, 2017. SOF at ¶¶ 3-4, 24. Defendant Gamez was not aware that Plaintiff had filed a lawsuit regarding his March 30, 2014 arrest until March 9, 2017. *Id.* at ¶ 19. Specifically, Defendant Gamez learned of this lawsuit when he received a civil summons and complaint from the Office of Legal Affairs. *Id.* Between the date of Plaintiff's March 30, 2014 arrest and March 9, 2017, Defendant Gamez: (1) had no knowledge that Plaintiff had filed a lawsuit; had no knowledge that Plaintiff was contemplating filing a lawsuit; and (3) had no knowledge that Plaintiff intended to name him individually as a defendant in a lawsuit. *Id.* at ¶¶ 20-23. Accordingly, March 9, 2017

---

[1] October 3, 2015 was a Saturday.

– more than 17 months after the Rule 4(m) period for service expired – was the very first time that Defendant Gamez knew or should have known that "the plaintiff, had it not been for mistake, would have sued him instead or in addition to suing the named defendant." *Joseph*, 638 F.3d at 550–60. Therefore, Plaintiff's First Amended Complaint naming Officer Gamez as a defendant does not relate back and Defendant Gamez is entitled to summary judgment.

### ii. **Defendant Moore's Lack of Knowledge**

The undisputed facts show that Officers Moore did not know or have any reason to know that Plaintiff intended to name him in this lawsuit prior to October 5, 2015. Plaintiff did not amend his complaint to name Officer Moore as a defendants until November 2, 2016 – well after the Rule 4(m) period for service expired – and did not serve Officer Moore until July 27, 2017. SOF at ¶¶ 3-4, 18. Defendant Moore was not aware that Plaintiff had filed a lawsuit regarding his March 30, 2014 arrest until March 1, 2017. *Id*. at ¶ 13. Specifically, Defendant Moore learned of this lawsuit when he received a civil summons and complaint from the Office of Legal Affairs. *Id*. at ¶ 14. Between the date of Plaintiff's March 30, 2014 arrest and March 1, 2017, Defendant Moore (1) had no knowledge that Plaintiff had filed a lawsuit; had no knowledge that Plaintiff was contemplating filing a lawsuit; and (3) had no knowledge that Plaintiff intended to name him individually as a defendant in a lawsuit. *Id.* at ¶¶ 14-17. Accordingly, March 1, 2017 – nearly 17 months after the Rule 4(m) period for service expired – was the very first time that Defendant Moore knew or should have known that "the plaintiff, had it not been for mistake, would have sued him instead or in addition to suing the named defendant." *Joseph*, 638 F.3d at 550–60. Therefore, Plaintiff's First Amended Complaint naming Officer Moore as a defendant does not relate back and Defendant Moore is entitled to summary judgment.

### iii. **Defendant Livergood's Lack of Knowledge**

The undisputed facts show that Defendant Livergood did not know or have any reason to know that Plaintiff intended to name him in this lawsuit prior to October 5, 2015. Plaintiff did not amend his complaint to name Officer Livergood as a defendant until November 2, 2016 – well after the Rule 4(m) period for service expired – and did not serve Officer Livergood until February 28, 2017. SOF at ¶¶ 3-4, 12. Defendant Livergod was not aware that Plaintiff had filed a lawsuit regarding his March 30, 2014 arrest until February 24, 2017. SOF ¶¶ 7. Specifically, Defendant Livergood learned of this lawsuit when he received a civil summons and complaint from the Office of Legal Affairs. *Id*. Between the date of Plaintiff's March 30, 2014 arrest and February 24, 2017, Defendant Livergood: (1) had no knowledge that Plaintiff had filed a lawsuit; (2) had no knowledge that Plaintiff was contemplating filing a lawsuit; and (3) had no knowledge that Plaintiff intended to name him individually as a defendant in a lawsuit. *Id*. at ¶¶ 8-11. Accordingly, February 24, 2017 – nearly 17 months after the Rule 4(m) period for service expired – was the very first time that Defendant Livergood knew or should have known that "the plaintiff, had it not been for mistake, would have sued him instead or in addition to suing the named defendant." *Joseph*, 638 F.3d at 550–60. Therefore, Plaintiff's First Amended Complaint naming Officer Livergood as a defendant does not relate back and Defendant Livergood is entitled to summary judgment.

**B. Plaintiff's Failure to Name Officers Gamez, Moore, and Livergood As Defendants Does Not Constitute a Mistake For Purposes Of The Relation Back Analysis.**

In this case, Plaintiff's original complaint did not name Defendants Gamez, Moore, and Livergood but, rather, named only Defendants Stoddard and Benson. SOF at ¶ 2. The record is devoid of any evidence whatsoever that Plaintiff made a mistake regarding the identity of the individual officers. While the Supreme Court's ruling in *Krupski* has changed the way courts

analyze the relation back doctrine under Rule 15(c)(1)(C), the Seventh Circuit continues to hold that lack of knowledge does not constitute a mistake for purposes of Rule 15(c). *See Gomez v. Randall*, 680 F.3d 859, 864 n.1 (7th Cir. 2012); *Flournoy v. Schomig,* 418 Fed. Appx. 528, 532 (7th Cir. 2011) (unpublished) ("The untimely amendment would not 'relate back' to the date of his original complaint because Flournoy made no mistake; he simply lacked knowledge of the proper defendants.") (citing *Hall v. Norfolk S. Ry. Co.,* 469 F.3d 590, 596 (7th Cir. 2006)).

Courts in this district have engaged in extensive post-*Krupski* analysis and held that lack of knowledge of the party's identity does not constitute a mistake within the purposes of Rule 15. *See e.g.*, *Terry v. Chi. Police* Dep't, 200 F. Supp. 3d 719, 725 (N.D. Ill. 2016) (Kendall, J.) ("[Plaintiff] did not make the type of mistake of fact at issue in [*Krupski*]…. The only reason that Plaintiff did not name the individual officers in the original complaint was Plaintiff's lack of knowledge about their names, not a mistake concerning their identity."); *Dandridge v. Cook County,* No. 12 C 5458, 2013 WL 3421834, at *5 (N.D. Ill. Jul. 8, 2013) (Dow, J.) (noting Plaintiff's lack of knowledge of the actual identity of the individuals was distinguishable from *Krupski,* where the Plaintiff conflated the identity of two defendants due to their roles in the case and relationship to one another, and finding relation back was, as a result, improper); *Vandenburgh v. Bannockburn Police Officer Robert Ogden*, No. 15 C 6191, 2016 WL 403663, at *3 (N.D. Ill. Jan. 18, 2011) (Ellis, J.) ("After *Krupski*, courts have continued not to allow relation back where the plaintiff lacked knowledge of the defendant's identity prior to the expiration of the statute of limitations.").

Here, Plaintiff's actions in naming Officers Benson and Stoddard and failing to list "unknown officers" demonstrates that he intended to name Officers Benson and Stoddard and those officers only. The Seventh Circuit's precedent, which, as Judge Dow found, is consistent

with *Krupski*, should be adhered to: lack of any knowledge concerning the party's identity (verses a conflation or misunderstanding about the identity of the party) does not constitute a mistake for purposes of Rule 15(c). *Dandridge*, 2013 WL 3421834, at *5. Plaintiff's failure to name Defendants Gamez, Moore, and Livergood within the statute of limitations simply does not constitute a mistake and, therefore, does not, and cannot relate back.

### C. Defendants Gamez, Moore, and Livergood Are Prejudiced By Plaintiff's Failure to Amend His Complaint Within The Rule 4(m) Period For Service.

Defendants Gamez, Moore, and Livergood are severely prejudiced by Plaintiff's undue delay because they are now forced to defendant against claims that are more than 5 years old. The statute of limitations exists for a purpose. Illinois courts have repeatedly explained that the purpose of a statute of limitations is not to shield a wrongdoer, but to discourage the presentation of stale claims and to encourage diligence in the bringing of actions. *Bank of Ravenswood v. City of Chicago*, 307 Ill. App. 3d 161, 167, 717 N.E.2d 478, 483 (1999) (citing *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.,* 61 Ill.2d 129, 137, 334 N.E.2d 160 (1975)). Defendants Gamez, Moore, and Livergood would suffer extreme and irreparable prejudice having to answer for alleged actions that he may not recall from five years ago.

Not only has Plaintiff's lack of diligence caused undue and irreparable prejudice to Defendants Gamez, Moore, and Livergood, but the lack of diligence is inexplicable. The first discovery request that Plaintiff issued was in September 2016, nearly 6 months after the statute of limitations expired. *See* ECF Dkt. No. 50. "Following *Krupski*, numerous lower courts have held that *Krupski* precludes relation back when a plaintiff made an affirmative choice not to discover the identity of the new defendant or to sue the new defendant before the limitations period expired." *Fleece v. Volvo Constr. Equip. Korea, Ltd.*, No. 10 C 4496, 2012 WL 171329, at *4

(N.D. Ill. Jan 20, 2012) (Young, J.); *see Dandridge*, 2013 WL 3421834, at *4–5 (distinguishing *Krupski* and finding relation back improper where plaintiff filed complaint naming John Doe defendants immediately before statute of limitations ran on some of her claims). Plaintiff failed to timely prosecute his case against Defendants Gamez, Livergood, and Moore and the consequence of his failure is an extreme prejudice to these defendants that is remedied by the applicable statutes of limitations. Plaintiff's decisions prejudiced Defendants Gamez, Moore, and Livergood, and, for this reason, summary judgment should be entered in their favor and against Plaintiff.

## II.  THE COURT SHOULD GRANT DEFENDANTS SUMMARY JUDGMENT ON EACH OF PLAINTIFF'S CLAIMS

Plaintiff brings five claims pursuant to Section 1983 against Defendants. Each claim will be addressed in turn below.

### A. The Court Should Grant Defendants Gamez, Stoddard, and Benson Summary Judgment On Plaintiff's Illegal Strip Search Claim.

Plaintiff brings an illegal strip search claim against Defendants Gamez, Benson, and Stoddard. Defendant Gamez is entitled to summary judgment because Plaintiff's claim against him is time-barred for the reasons discussed in Section I. Defendants Benson and Stoddard are entitled to summary judgment because there is no evidence that either of them strip-searched Plaintiff.

"[I]ndividual liability under § 1983," "requires personal involvement in the alleged constitutional deprivation." *Minix v. Canarecci, 597 F.3d 824, 833 (7th Cir. 2010)* (citation and internal quotation marks omitted). The plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct. *Wolf-Lillie v. Sonquist, 699 F.2d 864, 869 (7th Cir. 1983)* ("Section 1983 creates a cause of action based on personal liability and predicated upon

fault. An *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.").

Plaintiff is unable to satisfy § 1983's personal-responsibility requirement. Plaintiff admits that neither Officer Benson nor Officer Stoddard strip searched him. SOF at ¶¶ 52-53. Further, both officers deny strip searching Plaintiff. *Id*. Plaintiff must put forth evidence to support this claim against Officers Benson and Stoddard. He cannot. Because there is no genuine dispute of material fact regarding these officers' personal responsibility for the alleged strip search, summary judgment on this claim is proper.

**B. The Court Should Grant Defendants Gamez, Stoddard, and Benson Summary Judgment on Plaintiff's Warrantless Search of the Vehicle Claim.**

Plaintiff claims that Defendants Benson, Stoddard, and Gamez searched the vehicle without a warrant, and that the search of the vehicle violated his constitutional rights. Defendant Gamez is entitled to summary judgment because Plaintiff's claim against him is time-barred for the reasons discussed in Section I. Even if Plaintiff's claim against Defendant Gamez is not time-barred, Defendant Gamez is still entitled to summary judgment along with Defendants Benson and Stoddard because Plaintiff lacks standing to challenge the constitutionality of the search. "[R]ights guaranteed by the Fourth Amendment are personal, and may not be assessed vicariously. Rather, they must be championed by the one whose rights were infringed by the government's conduct." *U.S. v. Price,* 54 F.3d 342, 345–46 (7th Cir.1995). Plaintiff must have a reasonable expectation of privacy in the items seized and the area searched to raise a Fourth Amendment challenge. *United States v. Mendoza,* 438 F.3d 792, 795 (7th Cir.2006). He has the burden of proof on this issue. *Rawlings v. Kentucky,* 448 U.S. 98, 104 (1980). Plaintiff must show that he had a

subjective expectation of privacy and that the expectation is one that society is prepared to recognize as objectively reasonable. *United States v. Garcia,* 897 F.2d 1413, 1418 (7th Cir.1990). A passenger riding in a vehicle which he does not own, or have some other right of possession, does not have a reasonable expectation of privacy in the vehicle. *E.g., Price,* 54 F.3d at 345–46 (7th Cir.1995); *see U.S. v. Walton,* 763 F.3d 655, 666 (7th Cir. 2014) ("A mere passenger lacks standing because he cannot prevent the driver or owner of the car from, for example, picking up random strangers and showing them the interior of the car…A mere passenger has no right to ward off onlookers or protect his privacy in a car that he has no power over.").

Here, Plaintiff had no legitimate expectation of privacy in the vehicle or the items seized. Plaintiff did not own the vehicle. SOF at ¶ 27. He was not driving the vehicle. *Id.* at ¶ 28. And he claims the narcotics that were recovered were not his. *Id.* at ¶ 55. There is no evidence that Plaintiff had authority to control or exclude the use of the vehicle by others. The narcotics were recovered from the overhead compartment on the driver's side of the vehicle. *Id.* at ¶¶ 35, 37-38. This is not an area where one who had no possessory or ownership interest in the car would have a legitimate expectation of privacy. Here, only the driver of the car had a reasonable expectation of privacy in it; the same cannot be said for the plaintiff "who was a mere passenger going along for the ride." *Price,* 54 F.3d at 345–46 (7th Cir.1995). As such, Plaintiff has no standing to challenge the warrantless search of the vehicle and summary judgment should be granted in favor of Defendants Gamez, Benson, and Stoddard on this claim.

### C. The Court Should Grant Defendants Gamez, Stoddard, and Benson Summary Judgment on Plaintiff's Unlawful Search and Seizure of the Vehicle Claim.

Plaintiff claims that Defendants Benson, Stoddard, and Gamez unlawfully searched and seized the vehicle, and that the search and seizure of the vehicle violated his constitutional rights.

Defendant Gamez is entitled to summary judgment because Plaintiff's claim against him is time-barred for the reasons discussed in Section I.  Even if Plaintiff's claim against Defendant Gamez is not time-barred, Defendant Gamez is still entitled to summary judgment along with Defendants Benson and Stoddard because Plaintiff lacks standing to challenge the constitutionality of the search and seizure for the reasons discussed in Section II(B).

### D. The Court Should Grant Defendants Moore and Livergood Summary Judgment on Plaintiff's Failure to Intervene Claim.

Plaintiff brings a failure to intervene claim against Defendants Moore and Livergood, contending that these defendants had a realistic opportunity to prevent the unlawful searches discussed in Sections II(A), (B), and (C) but failed to do so.  Defendants Moore and Livergood are entitled to summary judgment because Plaintiff's claim against each of them is time-barred for the reasons discussed in Section I.  Even if Plaintiff's claims against Defendants Moore and Livergood are not time-barred, Defendants Moore and Livergood are still entitled to summary judgment because Plaintiff's constitutional rights were not violated when the vehicle was searched and Defendants Moore and Livergood did not observe an unlawful strip search.

A plaintiff may prevail against an officer that did not himself infringe on the plaintiff's rights if the officer was present and failed to prevent another law enforcement officer from violating those rights despite a "realistic opportunity to intervene to prevent the harm from occurring." *Yang v. Hardin,* 37 F.3d 282, 285 (7th Cir.1994). In order to be liable for failure to intervene, an officer must have reason to know "that any constitutional violation has been committed by a law enforcement official." *Id*.

Because Plaintiff lacks standing to bring a section 1983 claim for the warrantless search of the vehicle and the unlawful search and seizure of the vehicle such that Defendants Gamez, Stoddard and Benson are entitled to summary judgment on those claims, Plaintiff's attendant

claims for failing to intervene also fail because there is no underlying constitutional deprivation of Plaintiff's rights to form the basis for liability under Section 1983. *See Harper v. Albert,* 400 F.3d 1052, 1064 (7th Cir.2005) (stating that an underlying constitutional violation is required for a failure to intervene).

Plaintiff's claims for failing to intervene in the alleged illegal strip search must also fail because Defendants Moore and Livergood did not have a realistic opportunity to prevent this alleged search from occurring. Defendant Livergood was not present at the scene of Plaintiff's arrest and he did not observe an officer strip search Plaintiff at the police station on March 30, 2014. SOF at ¶¶ 43, 50. In fact, Defendant Livergood had no contact with Plaintiff at any point in time on March 30, 2014. *Id.* at ¶ 49. Similarly, Defendant Moore did not observe an officer strip search Plaintiff at any point in time on March 30, 2014. *Id.* at ¶ 51. Because neither of these officers observed a constitutional violation being committed by a law enforcement official, neither of these officers can be said to have had a realistic opportunity to intervene to prevent the alleged harm from occurring. As such, Defendants Moore and Livergood are entitled to summary judgment on Plaintiff's failure to intervene claims.

### E. The Court Should Grant Defendants Gamez, Stoddard, Benson, Moore, and Livergood Summary Judgment on Plaintiff's False Arrest Claim.

Plaintiff's [Second] Amended Complaint alleges all five Defendants falsely arrested him. SOF at ¶ 6. However, Plaintiff's false arrest claim fails as a matter of law. First, the claim is time-barred against Defendants Gamez, Moore, and Livergood. Second, in the alternative, there is no evidence Defendants Gamez, Moore, and Livergood arrested Plaintiff. Third, Defendants Benson and Stoddard arrested Plaintiff with probable cause. Fourth, in the alternative, Defendants Benson and Stoddard are entitled to qualified immunity on this claim.

### i. Plaintiff's False Arrest Claim Is Time-Barred As To Defendants Gamez, Moore, And Livergood.

For the reasons stated in Section I, Plaintiff's false arrest claim is time-barred as to Defendants Gamez, Moore, and Livergood.

### ii. Alternatively, There Is No Evidence That Defendants Gamez, Moore, And Livergood Arrested Plaintiff.

"Individual liability under § 1983, requires personal involvement in the alleged constitutional deprivation." *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) (citation and internal quotation marks omitted). The plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct. *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). *Id.* Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary. *Id.*

In order to prevail on his false arrest claim, Plaintiff must prove two things: (1) the Defendant arrested him (2) without probable cause. Federal Civil Jury Instruction of the Seventh Circuit, No. 7.07. In the case at bar, it is undisputed that Defendants Gamez, Moore, and Livergood did not arrest Plaintiff. SOF at ¶¶ 41, 42, 44. Therefore, Plaintiff is unable to satisfy §1983's personal-responsibility requirement against them and his false arrest claim fails as a matter of law.

### iii. Defendants Benson And Stoddard Had Probable Cause To Arrest Plaintiff.

Plaintiff's false arrest claim against Defendants Benson and Stoddard fails because they had probable cause to arrest him. The existence of probable cause to arrest is an absolute bar to a Fourth Amendment false arrest claim. *Maniscalco v. Simon*, 712 F. 3d 1139, 1143 (7th Cir. 2013). A police officer has probable cause to arrest an individual if "at the moment the decision is made,

the facts and circumstances within her knowledge and of which she has reasonably trustworthy information would warrant a prudent person in believing that the suspect had committed or was committing an offense." *Fleming v. Livingston County, Ill.*, 674 F. 3d 874, 878-879 (7th Cir. 2012); *see also Anderer v. Jones*, 385 F. 3d 1043, 1049 (7th Cir. 2004) ("The existence of probable cause turns on the information known to the officers at the moment the arrest is made, not on subsequently-received information."). This standard does not require a showing "that the officer's belief is more likely true than false." *Matthews v. City of East St. Louis*, 675 F. 3d 703, 706 (7th Cir. 2012). There is "no constitutional obligation to exclude all suggestions that the witness or victim is not telling the truth" even if the suspect denies any wrongdoing. *Reynolds v. Jamison*, 488 F.3d 756, 762 (7th Cir. 2007). "In recognition of the endless scenarios confronting police officers in their daily regimen, courts evaluate probable cause not on the facts as an omniscient observer would perceive them but on the facts as they would have appeared to a reasonable person in the position of an arresting officer—seeing what he saw, hearing what he heard." *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1246 (7th Cir. 1994).

In the case at bar, Plaintiff was arrested by Defendants Benson and Stoddard for violating 720 ILCS 570.0/407(B)(1) in that he knowingly and unlawfully possessed, with intent to deliver, a controlled substance (cocaine) within 1000 feet of a school. SOF at ¶ 39. The question for summary judgment thus becomes, did Defendants Benson and Stoddard reasonably believe that Plaintiff knowingly possessed cocaine? The answer to that question is yes.

To establish probable cause to arrest for possession of controlled substances, an officer normally needs evidence "'tending to show that Plaintiff knew of the presence of the contraband and that it was in his immediate and exclusive possession.'" *Collier v. City of Chicago*, 14 C 2157, 2015 WL 5081408, at *5 (N.D. Ill. Aug. 26, 2015) (quoting *People v. Juarbe*, 318 Ill. App. 3d

1040, 1054, 743 N.E.2d 607, 619 (1st Dist. 2001)). However, "constructive possession may exist where there is an intent and capacity to maintain control and dominion over the contraband, and this may be proved by showing that the defendant controlled the premises where it was found." *Id.* (citation omitted); *see also U.S. v. Kitchen*, 57 F.3d 516, 520 (7th Cir. 1995) (Constructive possession requires that a person "knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others."). Constructive possession need not be exclusive, and can be shared with others. *U.S. v. Starks*, 309 F.3d 1017, 1022 (2002) (quoting *U.S. v. DiNovo*, 523 F.2d 197, 201 (7th Cir. 1975)).

Here, Defendants Benson and Stoddard had probable cause to arrest Plaintiff (and the driver of the vehicle) based on constructive possession of a controlled substance. It is undisputed that, on March 30, 2014, Defendants Benson and Stoddard received information that a citizen reported that two males in their mid to late 30s were selling drugs out of a blue van with license plate N919638 in the area of 105th and Corliss. SOF at ¶ 30. Defendants Benson and Stoddard relocated to the area and observed the suspect vehicle containing individuals matching the description. SOF at ¶ 31. Defendants Benson and Stoddard observed an unknown individual approach the driver's side and tender money in exchange for an item. Defendants Benson and Stoddard then observed another individual approach the passenger side and tender money in exchange for an item. SOF at ¶ 32. Defendants Benson and Stoddard observed the van leave the area of 105th and Corliss and proceeded to curb the van. SOF at ¶ 33. As Defendants Benson and Stoddard approached the van, Defendant Benson observed Plaintiff hand Mr. Jackson what appeared to be a clear plastic bag containing a white substance, which Mr. Jackson then appeared to place in the overhead compartment. SOF at ¶ 34. Defendant Benson informed Defendant Stoddard that she observed Plaintiff hand Mr. Jackson what appeared to be a clear plastic bag

containing a white substance, which Mr. Jackson then appeared to place in the overhead compartment. SOF at ¶ 35. Defendant Stoddard asked Mr. Jackson and Plaintiff to exit the vehicle. SOF at ¶ 36. Defendants Benson and Stoddard observed in plain view, in the upper compartment of the van, a clear plastic bag containing a white substance. SOF at ¶ 37. Defendant Benson recovered 1 clear plastic sandwich bag containing 12 individually wrapped bags of suspect crack cocaine. SOF at ¶ 38. Clearly, there was probable cause to arrest Plaintiff for possession to the controlled substance.

The facts of this case are similar to those found in *Maryland v. Pringle*, 540 U.S. 366 (2003). In *Maryland*, the Supreme Court held that police officers had probable cause to arrest a passenger in a car where drugs and cash were recovered. *Id.* Cash was recovered in a glove compartment directly in front of the plaintiff and drugs were recovered from behind the back-seat armrest. *Id.* at 371-72. The drugs were accessible to all occupants and they all denied ownership of the cash and drugs. *Id.* at 372. From these facts, the Court found "it an entirely reasonable inference … that any or all three of the occupants had knowledge of, and exercised dominion and control over, the cocaine." *Id.* The Court reasoned that "a car passenger … will often be engaged in a common enterprise with the driver, and have the same interest in concealing the fruits or the evidence of their wrongdoing." *Id.* at 373 (quoting *Wyoming v. Houghton*, 526 U.S. 295, 304-05 (1999)).

Defendants recognize that mere proximity to contraband, however, is not enough to arrest someone for possession of contraband. Constructive possession requires proximity *and* an additional factor showing the defendant's ability to exercise dominion or control over the item. As the Seventh Circuit has put it, "[p]roximity must be coupled with other evidence, including connection with an impermissible item, proof of motive, a gesture implying control, evasive

conduct, or a statement indicating involvement in an enterprise." *U.S. v. Reed*, 744 F.3d 519, 526 (7th Cir. 2014) (quotation omitted). In our case, not only is Plaintiff near the cocaine, Benson and Stoddard reasonably believed that Plaintiff possessed the cocaine due to him making several gestures implying control. Because Benson and Stoddard had probable cause to arrest Plaintiff for possession of a controlled substance, Plaintiff's false arrest claim against them fails.

### iv. Alternatively, Defendants Benson And Stoddard Are Entitled To Qualified Immunity.

To the extent probable cause was lacking for Plaintiff's arrest, Defendants Benson and Stoddard are entitled to qualified immunity. "The doctrine of qualified immunity shields public officials from civil liability if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Allin v. City of Springfield*, 845 F.3d 858, 862 (7th Cir. 2017). The doctrine of qualified immunity protects public officers from liability in two instances. First, public officers are protected from liability for damages if their actions did not violate clearly established rights of which a reasonable person would have known. *Fleming v. Livingston County, Ill.*, 674 F.3d 874, 879 (7th Cir. 2012). Second, the doctrine provides qualified immunity if "a reasonable officer could have mistakenly believed that probable cause existed." *Id.* at 880. This "arguable probable cause" is found "when a reasonable officer in the same circumstances and with the same knowledge and possessing the same knowledge as the officer in question *could* have reasonably believed that probable cause existed in light of well-established law." *Id.* In other words, qualified immunity tolerates reasonable mistakes regarding probable cause. *Whitlock v. Brown*, 596 F.3d 406, 413 (7th Cir. 2010) (citing *Malley v. Briggs*, 475 U.S. 335, 343, 106 S.Ct. 1092 (1986)).

There is ample precedent indicating that in grey areas where probable cause may be questionable, the benefit falls to the law enforcement agent. *Anderson v. Creighton*, 483 U.S. 635,

641 (1987) ("it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and \*\*\* in such cases those officials – like other officials who act in ways they reasonably believe to be lawful – should not be personally liable."); *Pourghoraisi v. Flying J, Inc.*, 449 F.3d 751, 761 (7th Cir. 2006) ("'[T]he doctrine of qualified immunity leaves 'ample room for mistaken judgments' by police officers.'" (quoting *Payne v. Pauley*, 337 F.3d 767, 776 (7th Cir. 2003))); *See also Colbert v. Willingham*, 13 CV 2398, Dkt. 104 at \*13-14, Judge Dow (N.D. Ill. May 26, 2015). This is especially true in the case at bar considering that the law of constructive possession was not so clearly established at the time of Plaintiff's arrest.

To defeat the defense of qualified immunity, Plaintiff must point to a "clearly analogous case establishing a right to be free from the specific conduct at issue" or by showing the conduct was "so egregious" that a reasonable person must have believed a clearly-defined right was violated. *Wheeler v. Lawson*, 539 F.3d 629, 639-40 (7th Cir. 2008). Plaintiff, however, will be unable to meet either of these burdens. Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law."*Malley*, 475 U.S. at 341; *Hughes v. Meyer*, 880 F.2d 967, 970 (7th Cir. 1989). Defendants Benson and Stoddard are entitled to qualified immunity because they were not acting contrary to clearly established law based on the facts confronting them and the information they possessed at the time.

## CONCLUSION

For the reasons stated above, Defendant Officers Benson, Stoddard, Gamez, Moore, and Livergood respectfully request summary judgment be entered in their favor on all claims and against Plaintiff and dismiss this action with prejudice.

Respectfully Submitted,

/s/ *Gregory Beck*

Gregory Beck
Assistant Corporation Counsel III

Jason Marx, Assistant Corporation Counsel Supervisor
Gregory Beck, Assistant Corporation Counsel III
City of Chicago, Department of Law
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
312.742.5146 || gregory.beck@cityofchicago.org
Atty. No.: 6308565

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2019, I served a copy of the foregoing DEFENDANTS' JOINT MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT on all counsel of record via the Northern District of Illinois' CM/ECF system.

/s/ Gregory Beck